UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT OKOTH JOE SIDHE,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | Case No. 2:26-cv-03188-TMC<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Before the Court is Petitioner Robert Okoth Joe Sidhe's motion for a temporary restraining order. Dkt. 3. Petitioner seeks his immediate release from immigration detention pending the outcome of his habeas proceedings and an injunction limiting the circumstances under which he can be detained. *See id.* The Court has received briefing and exhibits from both parties and held a hearing on September 11, 2026. *See* Dkts. 3, 4, 5, 13, 15, 16, 18. For the reasons explained at the hearing and summarized below, the Court GRANTS the motion and orders Petitioner's release.

## II. LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22

(2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the likelihood of irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20 (the "*Winter* factors"); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (citation omitted). However, "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135). Still, the moving party bears the burden of persuasion and must make a clear showing that he is entitled to such relief. *Winter*, 555 U.S. at 22.

Although Petitioner seeks release from custody, in this context, both forms of relief sought are prohibitory injunctions because they restore the last uncontested status preceding the pending controversy. *See Nguyen v. Scott*, 796 F. Supp. 3d 703, 718–720 (W.D. Wash. 2025).

**III. DISCUSSION**

First, Petitioner has shown a likelihood of success on the merits based on district court orders from throughout the Ninth Circuit finding a due process violation when similarly situated petitioners were detained without prior notice and opportunity to be heard. *See, e.g.*, *Troykalo v. Armant*, No. EDCV 26-04875-KK-PDX, 2026 WL 2602910 (C.D. Cal. Sept. 2, 2026) (petitioner overstayed B-2 visa, applied for asylum, submitted biometrics data, and was not placed in removal proceedings); *Tello Vazquez v. Mullin*, No. C26-2039-KKE, 2026 WL 1911507 (W.D. Wash. July 2, 2026) (petitioner overstayed J-1 visa and was not in removal proceedings); *Huang*

*v. Blanche*, No. 2:26-cv-02157-BAT, 2026 WL 2271901 (W.D. Wash. July 15, 2026) (petitioner overstayed tourist visa, applied for asylum, and was not detained after case was transferred to EOIR for removal proceedings); *Carriollo v. Albarran*, No. 3:26-cv-05386-JSC, 2026 WL 1734895 (N.D. Cal. June 16, 2026) (petitioner entered on B-2 visa, applied for asylum, and was not in removal proceedings); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026) (petitioner entered on nonimmigrant visa, applied for asylum, and was not detained after case transferred to EOIR for removal proceedings). Respondents did not cite any cases reaching a different result on similar facts.

Second, petitioner has shown a likelihood of irreparable harm absent preliminary relief through the combination of his own serious health condition and his partner's serious health condition. *See, e.g.*, *Carriollo*, 2026 WL 1734895, at *2 (finding likelihood of irreparable harm because "[p]etitioner and his wife both have serious medical conditions and he is the primary caretaker for his wife"); *Nguyen*, 796 F. Supp. 3d at 735–36 (finding irreparable harm due to caregiving responsibilities); *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (describing subpar medical care and collateral harm to family members as types of irreparable harm that can occur as a result of immigration detention). Petitioner's blood pressure was elevated when he was detained, and during the second full day of his detention, he experienced very elevated blood pressure and stroke-like symptoms that required ambulance transport to the emergency room. *See* Dkt. 15 ¶ 10; Dkt. 4 ¶¶ 13–14. While the record does not contain Petitioner's medical records and Respondents' supporting declaration of Dr. Eddie Wang reports that Petitioner's blood pressure is currently stable, the Court finds that Petitioner has shown an elevated risk of stroke that could have catastrophic consequences in detention. Petitioner has also demonstrated that he is the primary caregiver for his partner, who is dependent on a wheelchair,

and that he assists her with daily activities of living including dressing, bathing, and cooking. Dkt. 4 ¶ 5.

The third and fourth *Winter* factors, which involve balancing the equities and considering the public interest, merge when the government is a party to the case. *Padilla v. Immigr. & Customs Enf't*, 953 F.3d 1134, 1141 (9th Cir. 2020). These factors sharply favor Petitioner. "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Carriollo*, 2026 WL 1734895, at *2.

## IV. CONCLUSION

For these reasons, the Court ORDERS as follows:

1. The motion for temporary restraining order (Dkt. 3) is GRANTED.
2. Respondents, and all their officers, agents, and employees, are ORDERED to release Petitioner Robert Okoth Joe Sidhe on September 11, 2026, within 6 hours of the filing of this Order.
3. Respondents shall file a notice confirming Petitioner's release no later than September 12, 2026.
4. Respondents are temporarily ENJOINED from re-detaining Petitioner without notice and a pre-detention hearing before a neutral decisionmaker, absent urgent circumstances requiring arrest.
5. This temporary order expires on October 12, 2026 unless extended by this Court. *See Abuzeide for Est. of Dane v. Openroad Auto Grp., Inc.*, 2017 WL 8727861, at *1 (W.D. Wash. Apr. 27, 2017) (14-day limit for TROs under Rule 65 does not apply when they are issued with notice and full opportunity to be heard). The Court anticipates that it can rule on the underlying habeas petition within that

time. Should an extension be necessary, Petitioner must file a motion for preliminary injunction before the TRO expires.

6. Respondents have not requested a bond and the Court waives the bond requirement under Federal Rule of Civil Procedure 65(c).

Dated this 11th day of September, 2026.

Tiffany M. Cartwright
United States District Judge